ARMSTRONG v. THE IOWA FALLS AND SIOUX CITY R. R. Co.

Damages: EXEMPLARY TRESPASS. Whether the plaintiff can in any case recover exemplary damages in an action for trespass to real property, *quere*.

*Appeal from Woodbury Circuit Court.*

THURSDAY, JULY 25.

ACTION for trespass in entering upon plaintiff's lot in Sioux City, and constructing a side track thereon; the plaintiff averred that the trespass was willful and oppressive, etc. The defendant, for answer, denied the allegations of the petition; and also alleged that it became necessary to have the use of part of said lot for a side track, and that defendant negotiated for said lot and the plaintiff refused to convey, as he agreed, etc., and that defendant filled a part of said lot to its benefit, etc. Trial to a jury; verdict for $600, for plaintiff. On a motion, by defendant, for a new trial, the court ordered, that unless the plaintiff would enter a *remittitur* for all except $65, that being the highest amount of actual damage proved, the motion for a new trial would be sustained. The plaintiff refused to remit any part of the verdict; and thereupon the court ordered a new trial. The plaintiff appeals.

*Wilson & Dye* for the appellant.

*Joy & Wright* for the appellee.

COLE, J.— The question, whether a plaintiff, in an action of trespass upon real property, can recover exemplary damages, has been argued with ability by the respective counsel, as well as with manifest research. It is quite unnecessary for us to pass upon the question, and indeed,

it would not be proper, since any expression of opinion thereon, in this case, would be but *dictum*, because, in our view of the evidence, there is not even an approximation to such a case as would justify exemplary damages, if such damages might properly be given in cases of willful and oppressive trespass.

The testimony in the case shows that the plaintiff was and is the owner of the lot; that he did not live in Sioux City; that the defendant had correspondence with plaintiff respecting the purchase of the lot; that it was low and wet; that the defendant, without any express consent from plaintiff, entered upon said lot and, in constructing its side track, filled a portion of the lot; that a proceeding by *ad quod damnum* was instituted by defendant, to obtain the right of way across said lot for a side track; that the defendant paid to the proper person the amount assessed by the sheriff's jury; that this plaintiff appealed from such assessment, and, pending the appeal, this defendant took up and removed its side track from the lot and dismissed the *ad quod damnum* proceeding, and, by consent of this plaintiff, withdrew the money deposited. The actual damage was not put at over $65 by any witness, including the plaintiff himself, and some of the witnesses testified that the acts of the defendant were a positive benefit to the lot.

The court *inter alia*, instructed the jury that if the defendant willfully committed the trespass, for the purpose of oppressing plaintiff, then he would be entitled to exemplary damages. We have read and re-read the evidence, and are not able to find any thing in it, upon which properly to base this instruction, even if it be conceeded to be sound law. But we have not the least hesitation in giving our approval to the order of the court in granting a new trial.

Affirmed.